**LAWHON CONSTRUCTION CO. et al., Appellees,**

v.

**CARPET, LINOLEUM & RESILIENT FLOOR DECORATORS, LOCAL 1179, Appellant.**

No. 74–1887.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1975.

Decided April 18, 1975.

---

PER CURIAM.

In 1970 Lawhon Construction Co. was the prime contractor for the construction of the Fine Arts Building at Western Missouri College in St. Joseph, Missouri. Lawhon subcontracted with Mo-Kan Carpet, Inc. to supply and install carpet in the building, and Mo-Kan in turn subcontracted with Carpet Services for the actual installation. Carpet Services had a collective bargaining agreement with the International Union of District 50, Allied and Technical Workers of the United States and Canada, and employed its members on the job.

From September 24 to October 9, 1970 agents of the Carpet, Linoleum & Resilient Floor Decorators, Local 1179 [hereinafter, the Union] picketed the construction site with a banner that read:

Carpet Services is breaking down established working conditions of Carpet, Linoleum and Resilient Floor Decorators Union, Local 1179, AFL–CIO, 101 East Armour.

Members of other trades refused to cross the picket line and completion of the project was delayed.

Lawhon brought an action for damages against the Union, alleging that the picketing violated § 8(b)(4) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4). Jurisdiction was based on § 303 of the Act, 29 U.S.C. § 187. The issues of liability and damages were heard at separate bench trials which resulted in a judgment against the Union in an amount of $6,612.54. The Union has filed a timely appeal to this court.

The Union urges five points of error:

I. The Trial Judge's finding that Appellant violated Section 8(b)(4) is not supported by the record and is contrary to the record and the law;

II. The Trial Judge erred in refusing to admit or consider relevant evidence in determining the Union's objective;

Robert L. Uhlig, Kansas City, Mo., for appellant.

R. A. Brown, Brown, Douglas & Brown, St. Joseph, Mo., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH,* Senior District Judge.

* Talbot Smith, Senior District Judge, Eastern District of Michigan.

III. The picketing was primary and protected by the First Amendment to the Constitution of the United States and by the proviso to Section 8(b)(4)(i)(ii)(B) of the Act;

IV. The Trial Judge's finding and conclusion that the picketing by the Appellant delayed the completion date of the construction project from October 29, 1970 until January 15, 1971, is not supported by the record, and is contrary to the record and the law;

V. The Trial Judge erred in finding and conclusing the defendant union was liable for any continued loss after the activity of the defendant union had ceased.

After a careful review of the record and briefs we conclude that the trial court's findings of fact are not clearly erroneous and that no error of law appears.

■ The Union's points I and III are thoroughly covered by the trial court's Memorandum and Judgment of August 31, 1973. In summary, the trial court found that the Union induced the work stoppage with the unlawful "secondary" purpose of compelling Lawhon to cease doing business with Carpet Services. We affirm the conclusion that the Union violated § 8(b)(4) of the Act on the basis of this unpublished memorandum opinion.[1]

■ Similarly, the Union's points IV and V are properly disposed of by the trial court's Memorandum Opinion and Final Judgment of October 2, 1974. Here the trial court found that although the Union immediately caused a work stoppage on only the twelve working days its picket was in place, it also caused and was responsible for the entire delay in the completion of the project, a matter of sixty-seven working days. We affirm this conclusion and the assessment of damages on the basis of the trial court's opinion.

1. The trial court also found that the Union, by picketing both gates at the work site, did not violate the standards of Moore Dry Dock Co.,

■ Finally, we are satisfied that there was no prejudicial error in the alleged improper exclusions of evidence. The judgment is

Affirmed.

92 N.L.R.B. 547 (1950). We express no opinion on this aspect of the case.